The Honorable Cliff Brown State Representative 2207 Pyburn Street Pocahontas, Arkansas 72455
Dear Representative Brown:
This is in response to your request for an opinion regarding Act 386 of 1941. You have asked, specifically, whether the proceeds derived from the sale of used lawn mower parts are subject of Act 386, which is commonly referred to as the Arkansas Gross Receipts Act?
It appears that the proceeds derived from such sales are in fact subject to this Act (codified as Ark. Stat. Ann. 84-1901 — 84-1904, 84-1906 — 84-1919 (1980 Supp. 1985)). Act 386 levies a three percent sales tax on gross proceeds or gross receipts from all sales of tangible personal property. Ark. Stat. Ann. 84-1903(a)(1980). 84-1904 provides for specific exemptions from the tax imposed by the Act. Proceeds from the sale of parts of used property are not included in this exhaustive list of exemptions.
The Act does exempt from the tax:
 Gross receipts or gross proceeds derived from the sale of used tangible personal property when the used property was (1) traded in and accepted by the seller as part of the sale of other tangible personal property and (2) the Arkansas Gross Receipts Tax was collected and paid on the total amount of consideration for the sale of the other tangible personal property without any deduction or credit for the value of the used tangible personal property.
Ark. Stat. Ann. 84-1904(q) (Supp. 1985).
This sub-section cannot be construed as exempting from the tax proceeds from the sale of used lawn mower parts. Its application is limited to a situation in which a used piece of property is traded in for other tangible personal property. The used property would be exempt in that instance and the tax would be levied from the proceeds of the sale of the other property. Thus, 84-1904(q) is not applicable to the present situation.
No other provision of the Arkansas Gross Receipts Act can be construed as exempting proceeds from the sale of used lawn mower parts from the tax. It appears, then, that such proceeds are subject to the tax levied by Act 386 of 1941.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.